大成 DENTONS

**Tomasita L. Sherer**

tomasita.sherer@dentons.com
D  +1 212-398-4871

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

**Application GRANTED.**

**The Clerk of Court is directed to terminate ECF No. 34.**

**SO ORDERED.**

*[signature]*

**Jennifer H. Rearden, U.S.D.J.**
**Date: March 21, 2024**

April 13, 2023

<u>VIA ECF</u>
Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *Rokt Corp. et al. v. AdsPostX, Inc. et al.*, **Case No. 1:23-cv-02081-JHR**
         **Request for Filing Declaration Exhibits B, C, and D Under Seal**

Dear Judge Rearden:

We represent Plaintiffs Rokt Corp. and Rokt Pte Ltd. (collectively, "Rokt") in the above-referenced action. We write pursuant to Rule 9.C of Your Honor's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the District's Electronic Case Filing Rules and Instructions to request leave to file Exhibits B through D to the Reply Declaration of Rokt's Ashley Firmstone under seal in connection with Rokt's reply in further support of its motion for preliminary injunctive relief.

Exhibit B contains a confidential presentation including proprietary and trade secret information that Rokt previously sent to Defendant Jon Nolz. Rokt seeks leave to submit a redacted version of the presentation under seal, as Rokt relies upon one specific slide in support of its motion. Pursuant to Rule 9.A, Rokt redacted all other proprietary or trade secret information that does not bear on its motion. Exhibits C and D contain references to the trade secrets included in Exhibit B. In order to avoid any disclosure of this highly sensitive information, Rokt therefore seeks leave to submit Exhibits C and D under seal as well.

Courts in this Circuit have routinely recognized that the demonstration of a valid need to protect the confidentiality of proprietary business information is a legitimate basis to rebut the public's presumption of access to judicial documents. *See, e.g.*, *Lexington Furniture Indus., Inc. v. Lexington Co.*, AB, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020). As Rokt seeks to maintain a single exhibit containing trade secret information under seal, Rokt submits that its request is narrowly tailored to serve that interest. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

We conferred with counsel for Defendants, who neither consent to nor oppose this request. Defense counsel further indicated that they are reserving their right to seek to unseal the documents or portions thereof after they have reviewed the contents. We thank the Court for its attention to this matter.

Very truly yours,

*[signature]*

Tomasita L. Sherer