

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019

212 468 4800
dglaw.com

August 31, 2023

**Application GRANTED.**

The Clerk of Court is directed to terminate ECF No. 80.

**Marc J. Rachman**
d 212 468 4890
mrachman@dglaw.com

**By ECF**

SO ORDERED.

Hon. Jennifer H. Rearden
U.S. District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Jennifer H. Rearden, U.S.D.J.
Date: March 21, 2024

Re:   *Rokt Corp. et al. v. AdsPostX, Inc. et al., Case No. 1:23-cv-02081-JHR*

Dear Judge Rearden:

This firm represents Defendants AdsPostX, Inc., Jon Nolz, and Surojit Niyogi (collectively "Defendants") in the above-referenced action.  We submit this letter pursuant to Rule 9.C of Your Honor's Individual Rules and Practices in Civil Cases, Standing Order 19-mc-00583, and Section 6 of the District's Electronic Case Filing Rules and Instructions to request leave to file under seal Exhibits 1-9 and 11-13 to the Supplemental Declaration of Jon Nolz (the "Nolz Supplemental Declaration"), Exhibit 4 to the Supplemental Declaration of Surojit Niyogi (the "Niyogi Supplemental Declaration"), and Exhibits 6, 12 and 13 to the Supplemental Declaration of Marc J. Rachman (the "Rachman Supplemental Declaration").  We also request leave to file the Nolz and Niyogi Supplemental Declarations and Defendants' Supplemental Memorandum of Law in Further Support of its Opposition to Plaintiffs' Motion for a Preliminary Injunction (the "Supplemental Memorandum") in redacted form.

Although there is a general presumption in favor of public access to judicial documents, "courts may deny access to records that are sources of business information that might harm a litigant's competitive standing."  *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Defendants seek to file under seal certain exhibits appended to the Nolz Supplemental Declaration (Exs. 8, 11-13) as they contain highly sensitive business information, including AdsPostX's market research, marketing and business development strategies, communications with customers and prospective customers, and communications with strategic partners.  In producing these documents to Rokt, AdsPostX designated them as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Parties' Protective Order entered in this Action on April 13, 2023 (the "Protective Order").  AdsPostX respectfully submits that this information is sufficiently valuable and confidential that its disclosure would result in a serious competitive harm to Defendants.  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices'"); *Go SMiLE Inc. v. Levine,* 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents filed in connection with motion for preliminary injunction where



documents contained company's proprietary marketing strategies, product development, costs, and budgeting information).

Defendants also seek leave to file certain documents under seal to the extent they contain information that is considered to be confidential or proprietary by Plaintiffs or third parties, without taking a position at this time with respect to the appropriateness of such designations or waiver of their right to later object to these designations. Exhibits 1-7 to the Nolz Supplemental Declaration, and Exhibits 12-13 to the Rachman Supplemental Declaration, consist of documents that Plaintiffs designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. Exhibit 6 to the Rachman Supplemental Declaration is a transcript of a video produced by Defendants that includes information which Plaintiffs assert is confidential and proprietary. As directed by the Court, a thumb drive containing a copy of the video itself (Exhibit 4 to the Niyogi Supplemental Declaration) is being simultaneously delivered to Chambers, and Defendants request that the video be treated as under seal as well. Finally, Exhibit 9 to the Nolz Supplemental Declaration contains confidential information of third-party Groupon.

Defendants also seek leave to redact portions of the Supplemental Memorandum that quote or paraphrase language from the exhibits referenced above or for which Plaintiffs requested sealing (Dkt. Nos. 60, 69). The proposed redactions would conceal confidential business information that is highly relevant to Defendants' competitive standing, and information which Plaintiffs and third-party Groupon have designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order or may otherwise consider confidential. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-45900 (GHW), 2021 U.S. Dist. LEXIS 62974, at *17 (S.D.N.Y. Mar. 31, 2021) (allowing redaction of confidential information, disclosure of which would harm defendants or advantage its competitors).

Defendants have conferred with counsel for Plaintiffs regarding this request to file the proposed Exhibits under seal and the Supplemental Memorandum in redacted form. Plaintiffs do not object to AdsPostX's request for leave to file under seal documents designated as Confidential or Highly Confidential – Attorneys' Eyes Only by AdsPostX, Rokt, or third parties, but reserve the right to challenge such designations once Defendants have filed their supplemental submission.

For the reasons stated herein, Defendants respectfully request that the Court grant this letter motion to seal Exhibits 1-9 and 11-13 to the Nolz Supplemental Declaration, Exhibit 4 to the Niyogi Supplemental Declaration, and Exhibits 6, 12 and 13 to the Rachman Supplemental Declaration, and to file certaindocuments with redactions. We thank the Court in advance for its consideration of this request.

Respectfully yours,

/s/ *Marc J. Rachman*

Marc J. Rachman

cc: Counsel of Record