**DENTONS**

**Tomasita L. Sherer**

tomasita.sherer@dentons.com

D   +1 212-398-4871

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

June 11, 2024

<u>VIA ECF</u>
Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    *Rokt Corp. et al. v. AdsPostX, Inc. et al.*, Case No. 1:23-cv-02081-JHR**
**Response to Defendants' June 10, 2024 Letter to the Court**

Dear Judge Rearden:

We represent Plaintiffs Rokt Corp. and Rokt Pte. Ltd. (collectively, "Rokt" or "Plaintiffs") in the above-referenced action.  We write to briefly respond to Defendants AdsPostX, Inc., Jon Nolz, and Surojit Niyogi's (collectively, "Defendants") June 10, 2024 letter to the Court regarding two issues raised during the telephonic status conference held on June 7, 2024.

We acknowledge that Defendants have now withdrawn their letter request for a discovery conference concerning Rokt's objections to two of Defendants' expedited discovery requests.[1]  *See* ECF No. 122 at 1.  Despite this, Defendants insist in their letter that they are entitled to an adverse inference with respect to the pending preliminary injunction.  *See id.*  Defendants confusingly refer to the adverse inference as part and parcel of their prior "Discovery Motion."  *See id.*  But Defendants never raised the adverse inference by motion.  *See* ECF No. 52.  Rather, the request was raised for the first time in their supplemental opposition briefing without any support or resolution of the merits of the discovery dispute.  *See* ECF No. 72 at 25.  Defendants' withdrawn discovery dispute was a fishing expedition that sought to manufacture the specter of an antitrust claim not present in this case, as an excuse to avoid the consequences of their bad acts in stealing Rokt's intellectual property.  The Court should not be drawn into an inquiry that it is irrelevant to the pending claims and Rokt's right to a preliminary injunction.

As Rokt previously indicated in its supplemental reply, Defendants' request is procedurally improper.  *See* ECF No. 82 at 10 n.9.  It is even more so now that Defendants have withdrawn the purported discovery dispute.  Without first issuing a discovery order and making a finding on a

---

[1] Rokt previously responded to Defendants' letter request on May 8, 2023, which detailed the reasons why Defendants' request should be denied.  *See* ECF No. 53.

dentons.com

failure to produce discovery, it would be improper for the Court to grant Defendants the extraordinary sanction of an adverse inference. *See* Fed. R. Civ. P. 37(b)(2)(A); *cf. Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (stating that where "an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.").

Defendants have not cited a single case where a court has granted such relief in the context of expedited discovery—which by its very nature is not complete discovery—on a preliminary injunction motion.  Indeed, the only case that Defendants cited in support of their position, involving a post-discovery motion, demonstrates that a court must first find that a party "failed to produce critical evidence that it was required to produce in discovery," before granting an adverse inference. *See Smoothline Ltd. v. N. Am. Foreign Trading Corp.*, No. 00 CIV. 2798 (DLC), 2003 WL 941442, at *6 (S.D.N.Y. Mar. 7, 2003).  Because Defendants' request is both procedurally improper and unfounded, the Court should deny Defendants' request.

We thank the Court for its attention to this matter.

Very truly yours,

Tomasita L. Sherer