UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROKT CORP. and ROKT PTE LTD.,

      Plaintiffs,

  -v-                                                        No. 1:23-CV-02081-LTS

ADSPOSTX, INC., JON NOLZ, and
SUROJIT NIYOGI,

      Defendants.

-------------------------------------------------------x

## SEALING ORDER

The Court has, this day, filed under temporary seal (Court and party access only) its Memorandum Opinion and Order Granting Preliminary Injunction (docket entry no. 128 (the "Preliminary Injunction Opinion")), which resolves Plaintiffs' motion for preliminary injunction (docket entry no. 7), and its Memorandum Opinion and Order (docket entry no. 129 (the "MTD Opinion")) granting in part Defendants' motion to dismiss Plaintiffs' complaint (docket entry no. 49), in order to afford the parties an opportunity to request redactions of information prior to public filing, to the extent that the parties assert that such redactions are necessary and consistent with governing law. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). The Preliminary Injunction Opinion includes the following injunctive relief provisions:

> [T]he Court orders that Defendants, and all persons acting in concert with them who receive notice of this preliminary injunction, are hereby preliminarily enjoined, pursuant to Federal Rule of Civil Procedure 65(a), effective immediately and pending the final resolution of this action, from:
>
> (1) Accessing, copying, communicating, disclosing, sharing, or using any of Rokt's confidential, proprietary, and/or trade secret information in their possession, custody, or control that falls into any one or more of the following four categories:

> (a) the relative value driven by specific advertisers, verticals, and sub-verticals;
>
> (b) the relative performance of different user experiences ("UXs"), e.g., based on different designs, locations of logos, and display and content of "call-to-action" buttons;
>
> (c) Rokt's pricing strategy; and
>
> (d) Rokt's non-public client list;
>
> (2) Advertising, marketing, promoting, offering to sell, selling, or distributing AdsPostX advertising or e-commerce platforms, systems, or services that have been developed with the use of Rokt's confidential, proprietary, and/or trade secret information that falls in categories (1)(a) through (1)(d);
>
> (3) Soliciting, attempting to solicit, or endeavoring to entice away from Rokt, whether directly or indirectly, any Rokt client, whether publicly disclosed or not, using Rokt's confidential, proprietary, and/or trade secret information that falls in categories (1)(a) through (1)(d);
>
> (4) Further breaching any obligations, or causing another party to breach any obligations, under the Rokt Platform Ad-Serving Agreement, executed by Rokt and Groupon, Inc. on or about August 18, 2015, including the First Amendment to same, executed by Rokt and Groupon, Inc. on or about January 18, 2018;
>
> (5) Further breaching any obligations, or causing another party to breach any obligations, under Rokt's Platform Services Agreement, executed by Surojit Niyogi on or about August 21, 2022, August 22, 2022, and September 12, 2022, and
>
> (6) Aiding or abetting any other person or entity engaging in or performing any of the acts referred to in paragraphs 1 through 5 above.
>
> (7) As security with respect to the foregoing relief, Rokt must post $10,000 cash or insured bond as security with the Clerk of Court by 4:00 p.m. on September 12, 2025.

Preliminary Injunction Opinion at 41-42.

By September 19, 2025, the parties shall meet and confer and jointly inform the Court in writing of any requested redactions to the Opinions, along with their legal rationale for any requested redactions. Each requested redaction must be indicated by highlighting the relevant text on a copy of the relevant Opinion submitted with the parties' redaction requests. If

no objections or proposed redactions are received by September 19, 2025, the Court will file the Opinions on the public docket in their entirety.

    SO ORDERED.

Dated: September 5, 2025
      New York, New York

                        /s/ Laura Taylor Swain
                       LAURA TAYLOR SWAIN
                       Chief United States District Judge