UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2025

ROKT US CORP. and ROKT PTE LTD.,

Plaintiffs,

v.

ADSPOSTX, INC. d/b/a MOMENTSCIENCE,
JON NOLZ, and SUROJIT NIYOGI,

Defendants.

Civil Case No. 1:23-cv-02081-LTS-HJR

**AMENDED PROTECTIVE ORDER**

HENRY J. RICARDO, Magistrate Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case, including during expedited discovery, as authorized by the Court on March 29, 2023;

WHEREAS, the Court so ordered such protective order ("Protective Order") on April 14, 2023;

WHEREAS, the Parties, through counsel, agree that amendments to the Protective Order providing for the inspection of computer source code is reasonably necessary and appropriate;

WHEREAS, the Parties acknowledge that this Amended Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Amended Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

WHEREAS, in light of the foregoing, and based on the representations of the Parties that further discovery in this case will likely involve the production of computer source code and source

1

code-related material, the public or unrestrained disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of such documents and information, this Court finds good cause to issue an appropriately tailored Amended Protective Order;

IT IS HEREBY ORDERED that any person subject to this Amended Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Amended Protective Order—shall adhere to the following terms:

1.      Any person subject to this Amended Protective Order who receives from any other person subject to this Amended Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" (hereinafter, "Confidential Discovery Material") or "Highly Confidential – Attorneys' Eyes Only" (hereinafter, "Highly Confidential AEO Discovery Material") or "Highly Confidential – Source Code" (hereinafter, "Highly Confidential Source Code Discovery Material") pursuant to the terms of this Amended Protective Order shall not disclose such Confidential Discovery Material or Highly Confidential AEO Discovery Material or Highly Confidential Source Code Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a)      previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any nonpublic company;

(c)      previously non-disclosed business plans, product development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual; or

(e)      any other category of information hereinafter given Confidential status by the Court.

3.      The "Highly Confidential – Attorneys' Eyes Only" designation is reserved for those circumstances where the producing party believes that any information or materials contains Confidential Discovery Material or other confidential information of a highly sensitive nature, and the producing party has a good faith belief that, notwithstanding the terms of this Amended

Protective Order, disclosure of such information would cause the receiving party to obtain a business (not legal) advantage over the producing party.

4.      The "Highly Confidential – Source Code" designation means Highly Confidential information that contains (1) confidential, proprietary, and/or trade secret source code, including computer code, scripts, assembly code, and object code; and (2) human-readable programming language text that defines software. "Highly Confidential – Source Code" further includes the text of any comments embedded in any of the foregoing, configuration files controlling software functionalities, and any files containing any of the foregoing. "Highly Confidential – Source Code" includes any text written in any high-level programming language defining software functionalities, including text written in C, C++, C#, Objective C, MATLAB, Python, JavaScript, assembly language and macros, and other programming languages. "Highly Confidential – Source Code" further includes any "include files," "make files," and other human-readable text files directly used in the generation and/or building of software executed on a computer. Notwithstanding the foregoing definition of "Highly Confidential – Source Code" material, to the extent that any material would constitute "Highly Confidential – Source Code" material under that definition, but has previously been made available to the public in a form that readily allows for viewing of the human-readable text, such material shall not be designated as "Highly Confidential – Source Code."

5.      With respect to the Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code by: (a) stamping or otherwise clearly marking Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code either by (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order" or "Highly Confidential – Source Code Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code.

7.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material previously produced by the producing person without limitation should be designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, then the producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code under the terms of this Amended Protective Order.

8.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.     Where a producing person has designated Discovery Material as "Confidential," other persons subject to this Amended Protective Order may only disclose such Discovery Material or information contained therein to:

(a)     the Parties to this action, including in house counsel, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(d)     any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e)     as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(g)     any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

10.     Where a producing person has designated Discovery Material as "Highly Confidential – Attorneys' Eyes Only," other persons subject to this Amended Protective Order may only disclose such Discovery Material or information contained therein to:

(a)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(c)     any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(d)     as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(e)     any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     this Court, including any appellate court, and the court reporters and support personnel for the same.

11.     Before disclosing any Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material to any person referenced in subparagraphs 9(c), 9(d), 9(f), or 9(g) or 10(b), 10(c), or 10(e) above, counsel shall provide a copy of this Amended Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Amended Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12.     All Highly Confidential Source Code Discovery Material shall be subject to the following provisions:

(a)    Access to and review of the Highly Confidential Source Code Discovery Material shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Highly Confidential Source Code Discovery Material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Highly Confidential Source Code Discovery Material in this case in any other pending or future dispute, proceeding, or litigation. Nothing in this Protective Order or the provisions governing Highly Confidential Source Code Discovery Material shall be used as evidence of any need for discovery of source code.

(b)    Only the following individuals shall have access to Highly Confidential Source Code Discovery Material, absent the express written consent of the producing party or further court order:

i.    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

ii.    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

iii.    this Court, including any appellate court, and the court reporters and support personnel for the same, the jury, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Highly Confidential Source Code Discovery Material. Copies of Highly Confidential Source Code Discovery Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers; and

iv.    while testifying at deposition or trial in this action only: (i) any current officer or director of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony with respect to the Highly Confidential Source Code Discovery Material pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, reviewing, or editing the Highly Confidential Source Code Discovery Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Highly Confidential Source Code Discovery Material pursuant to this sub-paragraph shall not retain or be given copies of the Highly Confidential Source Code Discovery Material except while so testifying.

(c)    To the extent materials defined as Highly Confidential Source Code Discovery Material are made available for inspection in response to a discovery request, the producing party agrees to make any such information available for inspection in native format (to the extent reasonably available) or in a format allowing it to be reasonably reviewed and searched, in a secured room at one of the following locations at the discretion of the producing party: (1) an

6

office of the producing party's counsel; (2) a single site located within any judicial district in which the Highly Confidential Source Code Discovery Material is stored in the ordinary course of business; or (3) a location mutually agreed upon by the receiving and producing parties. The Highly Confidential Source Code Discovery Material shall be loaded on to a computer and made available for inspection for a reasonable number of days during normal business hours or at other mutually agreeable times. The computer must be a secured computer (password protected) that does not have access to the internet nor network access to other computers, and must be made after 2019, with an up-to-date operating system, and with a working mouse or similar input device. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited. The receiving party may not copy, remove, or otherwise transfer any portion of the source code onto any input/output device. The producing party may visually monitor the activities of the receiving party's representatives during any Highly Confidential Source Code Discovery Material review, only to ensure that there is no unauthorized recording, copying, or transmission of the Highly Confidential Source Code Discovery Material. A receiving party may request, in writing, additional computers for inspecting the Highly Confidential Source Code Discovery Material and the producing party shall meet and confer about any such request, and to the extent practicable, reasonably accommodate such requests.

(d)    The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the computer in order to access and review the Highly Confidential Source Code Discovery Material. The producing party shall install tools that are sufficient for viewing and searching the Highly Confidential Source Code Discovery Material produced on the computer. The producing party shall promptly install any tools requested by the receiving party that are reasonably necessary for reviewing and searching the Highly Confidential Source Code Discovery Material produced on the computer. The receiving party shall provide any license required for any requested tools.

(e)    The receiving party's outside litigation counsel and/or expert shall be entitled to take notes relating to the Highly Confidential Source Code Discovery Material, including notes identifying file paths, names, line numbers, class, method, function, and variable names, but shall not copy any portion of the Highly Confidential Source Code Discovery Material into such notes. Any notes relating to the Highly Confidential Source Code Discovery Material will be treated as designated Highly Confidential Source Code Discovery Material as otherwise provided herein. No copies of all or any portion of the Highly Confidential Source Code Discovery Material shall leave the room in which the Highly Confidential Source Code Discovery Material is inspected except as otherwise provided herein. No other written or electronic record of the Highly Confidential Source Code Discovery Material is permitted except as otherwise provided herein.

(f)    The receiving party may request paper copies of portions of the source code designated as Highly Confidential Source Code Discovery Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in subparagraph 12(b) in the first instance. The receiving party shall be permitted to request printouts of limited portions of the source code. The receiving party may not

request more than ten (10) pages of a continuous block or five hundred (500) total pages of source code from each producing party in this litigation without prior written approval by the producing party or Order of the Court. Within five (5) business days of receiving a print request from the receiving party, the producing party shall provide all such source code in paper form including Bates numbers and the label "Highly Confidential – Source Code." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 14 of the Amended Protective Order.

(g)    The receiving party shall maintain a record of any individual who has inspected any portion of the source code designated Highly Confidential Source Code Discovery Material in electronic or paper form.  The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area, except while in transit or being reviewed consistent with subparagraph 12(e). The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, and may not be scanned using optical character recognition ("OCR"), except as may be necessary for the use in Court filings proceedings or expert reports. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Excerpts of Highly Confidential Source Code Discovery Material may be included in a discovery response, expert report, court filing, or trial demonstrative if reasonably necessary, subject to marking such excerpt as "Highly Confidential-Source Code," and, if filed with the Court, such material shall be redacted from any public filing and/or filed under seal.  Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(h)    To the extent portions of Highly Confidential Source Code Discovery Material are quoted in a Highly Confidential – Source Code document, either (1) the entire document will be stamped and treated as Highly Confidential – Source Code or (2) those pages containing quoted Highly Confidential Source Code Discovery Material will be separately bound, and stamped and treated as Highly Confidential – Source Code.

(i)    All copies of any portion of the Highly Confidential Source Code Discovery Material in whatever form shall be returned to the producing party or securely destroyed if they are no longer in use or immediately after the conclusion of the above-captioned action, whichever occurs first.

13.    Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 3.C of this Court's Individual Rules and Practices in Civil Cases.

14.    Any Party who requests additional limits on disclosure may, at any time prior to the trial of this action, serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel

for all Parties shall address their dispute to the Court in accordance with Rule 3.C of this Court's Individual Rules and Practices in Civil Cases.

15.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

16.     Recipients of Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material under this Amended Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Amended Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything in this Amended Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

17.     Nothing herein will prevent any person subject to this Amended Protective Order from producing any Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18.     In accordance with Rule 9 of this Court's Individual Rules and Practices in Civil Cases, any party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

19.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code and submitted to the Court in connection with any motion,

9

application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously sealed or designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code.

20.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or Highly Confidential AEO Discovery Material or  ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

21.     Each person who has access to Discovery Material that has been designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Amended Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

23.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

24.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

25.     Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

26.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

27.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

28.     This Amended Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Discovery Material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material, Highly Confidential AEO Discovery Material and Highly Confidential Source Code Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, Highly Confidential AEO Discovery Material and Highly Confidential Source Code Discovery Material, and all copies thereof, by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material, Highly Confidential AEO Discovery Material or Highly Confidential Source Code Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material, Highly Confidential AEO Discovery Material or Highly Confidential Source Code Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

29.     All persons subject to this Amended Protective Order acknowledge that willful violation of the Amended Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Amended Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: December 16, 2025            Dated: December 16, 2025
         New York, New York                 New York, New York

By:   /s/ Tomasita L. Sherer            By:   /s/ Michael M. Powell
Tomasita L. Sherer                      Andrew D. Gish
Sara Gates                              Michael M. Powell
DENTONS US LLP                          GISH PLLC
1221 Avenue of the Americas             41 Madison Avenue, Floor 31
New York, NY 10020-1089                 New York, NY 10010
Phone: (212) 398-4871                   (212) 518-2000
Fax: (212) 768 6800                     andrew@gishpllc.com
tomasita.sherer@dentons.com             michael@gishpllc.com
sara.gates@dentons.com

                                        *Attorneys for Defendants AdsPostX, Inc. d/b/a*
Kirk R. Ruthenberg (admitted *pro hac vice*)   *MomentScience, Jon Nolz, and Surojit Niyogi*
DENTONS US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 496-7500
Fax: (202) 496-7756
kirk.ruthenberg@dentons.com

*Attorneys for Plaintiffs Rokt US Corp. and*
*Rokt Pte Ltd.*

SO ORDERED.

Dated: December 17, 2025
         New York, New York

                                        _____
                                        HENRY J. RICARDO
                                        United States Magistrate Judge

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROKT US CORP. and ROKT PTE LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ADSPOSTX, INC. d/b/a MOMENTSCIENCE,<br>JON NOLZ, and SUROJIT NIYOGI,<br><br>Defendants. | Civil Case No. 1:23-cv-02081-LTS-HJR<br><br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____ , acknowledge that I have read and understand the Amended Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code. I agree that I will not disclose such Confidential Discovery Material, Highly Confidential AEO Discovery Material or Highly Confidential Source Code Discovery Material to anyone except as expressly permitted hereunder, other than for purposes of this litigation, and that at the conclusion of the litigation, I will either return all Confidential Discovery Material and Highly Confidential Discovery Material to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such Confidential Discovery Material, Highly Confidential AEO Discovery Material, and Highly Confidential Source Code Discovery Material. Furthermore, I will certify to having returned or destroyed all Confidential Discovery Material, Highly Confidential AEO Discovery Material, and Highly Confidential Source Code Discovery Material. By acknowledging these obligations under the Amended Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Amended Protective Order could subject me to punishment for contempt of Court.


Dated: _____        _____


13